**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **XINGXUE "HARRY" HU** )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>**BOARD OF TRUSTEES FOR THE** )<br> )<br>**UNIVERSITY OF ILLINOIS CHICAGO,** )<br> )<br>**UNIVERSITY OF ILLINOIS CHICAGO**<br>**COLLEGE OF DENTISTRY, DR.**<br>**WILLIAM KNIGHT, DR. CARLA EVANS**<br>**and DR. ROBERT MANASSE,**<br>Defendants | **Case No.:** |

## VERIFIED COMPLAINT

Now comes the plaintiff, Xingxue "Harry" Hu (hereinafter referred to as "Hu" or plaintiff), by and through his attorney, Steven E. Glink, pursuant to and 42 USC 12101, 29 USC 794, 42 USC 2000e and 42 USC 1981(b), et seq. and complaining against the defendants, state as follows.

## JURISDICTION

1. This action is brought pursuant to the 42 USC 2000e- 3(a) (Title VII), Section 504 of the Rehabilitation Act of 1973, 29 USC 794, The Americans with Disabilities Act, 42 USC 12101, et seq. and The Civil Rights Act, 42 USC 1981(b) et. seq. There are also pendent state claims alleged under the Illinois Human Rights Act, 775 ILCS 5/1 et seq.

2. Jurisdiction is proper pursuant to 28 USC 1331

3. Venue is proper pursuant to 28 USC 1392.

## THE PARTIES

4.  At all times relevant to this Complaint, at the times of the occurrences alleged herein, Hu was a student enrolled at the University of Illinois Chicago College of Dentistry (UIC/ COD).

5.  At the same time, Hu was an employee of UIC COD (see parag. 14 below).

6.  At all times relevant to this complaint, Dr. William Knight (Knight) was employed by the defendant Board of Trustees (The Board) as the Executive Associate Dean of the UIC COD;

7.  At all times relevant to this complaint, Dr. Carla Evans (Evans) was employed by the Board as Head of the Department of Orthodontics at the UIC COD. Evans was Hu's direct supervising professor.

8.  At all times relevant to this complaint, Dr. Robert Manasse (Manasse) was employed by the Board as a professor at UIC COD.

9.  At all times relevant to this complaint, the Board was a body of citizens duly authorized and empowered by law to make all decisions necessary to effectuate the operation of the UIC COD as well as the Office for Access and Equity (OAE).

10. All defendants reside in or are employed in Cook County Illinois.

11. All material acts related to this incident occurred in Chicago, Cook County Illinois.

## FACTUAL ALLEGATIONS

12.  On information and belief, UIC COD is a recipient of federal and state funds.

13. All individual defendants are sued in their individual and official capacities.

14. At all times relevant to the events alleged in the complaint, all defendants acted under color of law via the power and authority of granted to them by State law.

15. Prior to August 16, 2011, Hu applied for and was accepted as a full time student in both the Orthodontic Program and the Masters Program in Oral Sciences in the UIC COD.

16. While he attended the UIC COD, Hu was also employed in the COD's dental lab/ clinic.

17.  From September 2010 to August 2011, Manasse specifically criticized Hu's academic performance (clinical work, classes and research) because of Hu's

Chinese-English expression and cognitive abilities. Manasse frequently and deceitfully reported false and/or unjustified negative evaluations of Hu's performance to Evans and other professors in the COD thereby subjecting Hu to a hostile environment based on his race/ ethnicity.

18. From March to May 2011, Evans became concerned that Hu's academic performance in the COD was not commensurate with his prior academic performances (Hu had already obtained a Ph.D. from Ohio State University and had been a resident/ attending physician in stomotology at Peking University for six years and had been appointed as an adjunct professor at Ohio State University in the COD there at the time he was accepted for admission to the COD) as well as his cognitive abilities.

19. On June 1, 2011 and continuing to September 11, 2011, Evans directed Hu to obtain a neuropsychological evaluation from UIC neuropsychologist Dr. Neil Pliskin.

20. From June 1, 2011 and continuing to September 20, 2011, Evans directed Hu to undergo a series of neurological evaluations (i.e., conventional and invasive MRIs of the brain) by UIC neurologist Dr. Laura Pedelty.

21. Hu complied with each and every directive to undergo his evaluations as directed by Evans and kept her fully informed.

22. Knight was Evans' superior and Executive Associate Director of the COD. Knight was aware of and approved of Evans' directive to Hu to obtain the aforementioned neuropsychological and neurological evaluations.

23. At all times. Knight and Manasse were aware that Hu was in compliance with Evans' directive to undergo various evaluations.

24. On June 27, 2011, after they had reviewed the initial neuropsychological evaluation from Dr. Pliskin but prior to the time that they obtained the results of the aforementioned evaluations by Dr. Pedeltry, Evans and Knight jointly conspired to expel Hu from the COD. At that time, both Knight and Evans were aware that additional evaluations were needed to assess Hu's disabilities and potential accommodations.

25. The series of medical evaluations ordered by Evans and Knight were not completed until September 20, 2011. Both evaluations found that Hu had disabilities. All evaluations recommended Hu receive accommodations to help him in the COD.

26. From July 12, 2011 to August 12, 2011, Evans refused to implement reasonable accommodations suggested by Dr. Pliskin.

27. Instead of implementing reasonable accommodations, Evans increased Hu's overall workload, thereby perpetuating a hostile environment.

28. On or about August 15, 2011, defendants failed to follow their own grading policies in issuing Hu his grades. The failure to follow its grading policies in Hu's case was different than how non-Chinese students.

29. Knight and Evans officially dismissed Hu as a student on August 17, 2011 by letter.

30. After learning the results and recommendations of his medical evaluations, Hu communicated with both Evans and Knight urging them to reconsider their dismissal decision based upon the results of the evaluations. Evans and Knight refused to reconsider.

31. After Hu was dismissed, Evans, Manasse and Knight created a hostile environment and used trickery and deceit to convince Hu to re-characterize his dismissal as a voluntary withdrawal from the orthodontic program and permitted him to continue his Masters program in Oral Sciences at UIC.

32. Shortly after that, Evans, Manasse and Knight created a hostile environment and used trickery, threats and deceit in an effort to get Hu to withdraw from the Masters Program.

33. Shortly after these threats of dismissal, Hu complained to the OAE and UIC's Disability Resource Center (DRC) about defendants' disability discrimination as well as the hostile environment created and maintained by Knight, Evans and Manasse.

34. At first, OAE and DRC told Hu that his charges had merit. However, sometime later, after conferring with defendants, OAE and DRC reversed their positions.

35. On information and belief, defendants exerted undue influence and deceit on the OAE and the DRC to cause this reversal of opinion.

36. Hu then informed Knight, Evans and others at the COD that he wished to appeal his academic dismissal.

37. Hu repeatedly requested to appeal his dismissal per the procedures outlined in the student handbook but was repeatedly denied his right to appeal based on the fact that the defendants claimed he was no longer a student.

38. Hu repeatedly requested copies of his entire student record under FERPA. However, UIC and the COD denied Hu access to or copies of his student file.

39. Hu believes that the defendants' refusal to allow him to appeal his dismissal and/or access his student records was in retaliation for filing discrimination complaints with OAE.

40. Hu also believes that, with respect to his request for records and his request to appeal, he was treated differently than non-Chinese students.

41. In December 2011 and January 2012, the defendants informed Hu that he had exhausted all avenues of appeal and that his dismissal was final even though Hu was denied any actual appeal hearing.

42. Hu believes that the defendants' actions were in retaliation for his complaints about discrimination.

43. Hu filed a charge of disability discrimination with the EEOC on February 22, 2012.

44. Hu received his right to sue letter from the EEOC on that charge on 3/27/12 (a copy of which is attached as exhibit A).

45. Hu filed a second charge of racial/ ethnic and disability discrimination with EEOC on 4/19/12.

46. Hu received his right to sue letter for that charge on 6/12/12 (a copy of which is attached as exhibit B).

47. This complaint is filed within 90 days of both right to sue letters.

## COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (FAILURE TO ACCOMMODATE A DISABILITY)

48. Plaintiff realleges his allegations in paragraphs 1-47 above as his allegations for count I.

49. Plaintiff was a qualified individual with a disability as defined in the law and as such, was entitled to protection of the law.

50. Defendants were aware that the plaintiff had a physical impairment (i.e., his heart) and/or mental impairment (i.e., a learning disability and speech/ language issues) that substantially limited plaintiff in a major daily life function.

51. Defendants were also aware that the plaintiff had a record of the aforementioned disabilities and/or was regarded as having the aforementioned disabilities.

52. Plaintiff requested that the defendants provide him with reasonable accommodations for his disabilities both as a student and an employee.

53. Defendants refused to provide the plaintiff with any accommodations for his disabilities in work or in the COD.

54. Defendants' actions constitute a violation of the ADA.

55. As a direct and proximate result of the defendants' actions and/or inactions, plaintiff was dismissed from the COD, thereby losing the opportunity to achieve his life long dream of becoming a dentist. Plaintiff also was dismissed from his job in defendants' dental clinic. Plaintiff also suffered severe emotional harm to her personal and professional reputation.

Wherefore, plaintiff respectfully prays that this Honorable Court enter judgment in his favor and against all defendants, jointly and severally in an amount in excess of $2,000,000.00 plus costs and reasonable attorney's fees.

## COUNTII-VIOLATION OF SECTION 504 OF THE REHABILITATION ACT (FAILURE TO ACCOMMODATE A DISABILITY)

56. Plaintiff realleges his allegations contained in paragraphs 1-55 above as his allegations his for count II.

57. Defendants' actions constitute a violation of Section 504 of the Rehabilitation Act of 1973.

Wherefore, plaintiff respectfully prays that this Honorable Court enter a judgment in his favor against all defendants, jointly and severally in an amount in excess of $2,000,000.00 plus costs and attorney's fees.

-6

## COUNT III- RACIAL/ETHNIC DISCRIMINATION UNDER TITLE VII (DISPARATE TREATMENT)

58. Plaintiff realleges his allegations in paragraphs 1-55 above as his allegations herein.

59. From time to time while Hu was a student in the COD and an employee in the dental clinic, defendants Knight, Evans and Manasse made derogatory remarks about Hu's Chinese ancestry.

60. Hu was treated differently than other similarly situated non-Chinese students and employees. For example, when Hu asked Evans to reduce his workload in the dental clinic, not only did Evans refuse to accommodate that request, she actually increased Hu's workload. At the same time, other non-Chinese employees did receive reduced workloads.

61. Similarly, when Hu asked to remediate a poor grade in the COD, he was denied the same opportunity to remediate that grade as was given to non-Chinese students.

62. Defendants' conduct violates the anti-discrimination language of the statute.

Wherefore, plaintiff respectfully prays that this Honorable Court enter judgment in his favor and against all defendants, jointly and severally, in an amount in excess of $2,000,000.00 plus costs and attorney's fees.

## COUNT IV- RETALIATION UNDER TITLE VII

63. Plaintiff realleges his allegations contained in paragraphs 1-55 above as his allegation for this count.

64. Hu complained to UIC's OAE about his discriminatory treatment (i.e., defendants' refusal to accommodate his disabilities).

65. In retaliation for Hu's complaints, defendants refused to allow Hu access to his school records as required by FERPA for over four months after his dismissal.

66. In addition, defendants denied Hu his contractual right (guaranteed under the defendants' student handbook and other rules, regulations and policies) and due process right to appeal his dismissal from the COD as a student and an employee.

Wherefore, plaintiff respectfully prays that this Honorable Court enter a judgment in his favor and against the defendants, jointly and severally, in an amount in excess of $2,000,000.00 plus costs and attorney's fees.

- 7

## COUNT V-RACIAL DISCRIMINATION IN THE TERMS AND CONDISTIONS OF EMPLOYMENT

67. Plaintiff realleges his allegations contained in paragraphs 1-55 above as his allegations for this count.

68. Defendants' unequal treatment of Hu in the course of his employment in the dental clinic is a violation of the Civil Rights Act, 42 USC 1981 (b).

Wherefore, plaintiff respectfully prays that this Honorable Court enter judgment in his favor, against the defendants, jointly and severally, in an amount in excess of $2,000,000.00 plus costs and attorney's fees.

## COUNT VI-VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT (FAILURE TO ACCOMMODATE AND RETALIATION)

69. Plaintiff realleges his allegation contained in paragraphs 1-55 above as his allegations for this count.

70. The Illinois Human Rights Act prohibits the conduct alleged above.

71. Defendants' conduct is a violation of the Illinois Human Rights Act.

Wherefore, plaintiff respectfully prays that this Honorable Court enter judgment in his favor and against the defendants in an amount in excess of $2,000,000.00 plus costs and attorney's fees.

Respectfully Submitted,

By: s/STEVEN E. GLINK
STEVEN E. GLINK

LAW OFFICES OF STEVEN E. GLINK
ATTORNEY FOR PLAINTIFF
ARDC # 6180869
3338 COMMERCIAL AVENUE
NORTHBROOK, ILLINOIS 60062
847/480-7749 (Voice)
847/480-9501 (Facsimile)